IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALEX WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:23CV345 |
| | ) | |
| CHALQ INC., GABE HILL, | ) | |
| and AUSTIN DICKERSON, | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiff's Motion for Entry of Default Judgment Against Defendants Chalq Inc. and Gabe Hill (collectively, "Defendants"). (ECF No. 17.) In support of the motion, Plaintiff filed a Brief in Support. (ECF No. 18.) After consideration of the pleadings, evidence, and relevant authorities, this Court concludes Plaintiff is entitled to default judgment and the motion will be granted.

In summary, the evidence and pleadings establish that Plaintiff entered into a Subscription Agreement with Defendants, whereby Defendant Chalq Inc. ("Chalq") was to issue to Plaintiff 200,000 preferred shares of Chalq's "Seed Round Stock" in exchange for a $100,000.00 investment from Plaintiff. (ECF No. 6 ¶ 15.) Defendant Gabe Hill ("Hill"), Chalq's co-founder, majority shareholder, director, and Chief Executive Officer, directed and oversaw the preparation of the Subscription Agreement. (ECF No. 6 ¶ 15.)

Following Defendants' failure to issue Plaintiff the preferred shares, Plaintiff requested the return of his investment. (ECF No. 6 ¶¶ 19, 28, 31.) However, Hill informed Plaintiff

1

that Chalq would not be returning any of his investment because Hill and Chalq had been the victims of an attempted scheme to defraud money from the company. (ECF No. 6 ¶ 27.) As a result, Defendants became liable to Plaintiff under the terms of the Subscription Agreement, which provided:

> If the Company fails to execute the $2,000,000 Binance Labs funding agreement that has been discussed in good faith between the Company and the Investor by 1/20/2023, the Investor has the option to terminate this Agreement and clawback the Investor's $100,000 investment by transferring the Shares back to the Company.

(ECF No. 6 ¶ 23.)

In this action, Plaintiff seeks recovery of the purchase price of Chalq's preferred shares under the contract between Plaintiff and Chalq, plus accrued statutory interest of eight percent (8%), totaling $103,506.84 as of June 19, 2023. (ECF No. 17.)

I. ANALYSIS

   A. Jurisdiction

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Before a default or default judgment may be entered against a defendant, service of process must be effective under the Federal Rules of Civil Procedure." *Joe Hand Promotions, Inc. v. GFL United LLC*, 645 F. Supp. 3d 530, 534 (M.D.N.C. 2022) (citation and internal quotation marks omitted).

Plaintiff is a citizen and resident of Orange County, North Carolina. (ECF No. 6 ¶ 1.) Chalq is a corporation organized and existing under the laws of Delaware with its principal

2

Case 1:23-cv-00345-LCB-LPA   Document 20   Filed 03/12/24   Page 2 of 5

place of business in Charleston County, South Carolina.  (ECF No. 6 ¶ 2.)  Hill is a citizen and resident of Charleston County, South Carolina.  (ECF No. 6 ¶ 3.)

Service of the Summons and Complaint on Chalq was completed on February 10, 2023.  (ECF No. 1-2.)  On April 17, 2023, Service of Process by Publication on Hill was completed.  (ECF No. 15-1.)  Service of the Summons and Amended Complaint on Defendant Austin Dickerson ("Dickerson") was completed on March 27, 2023.  (ECF No. 1-9.)  On April 26, 2023, Dickerson filed a petition to remove the matter to this Court under 28 U.S.C. §§ 1441 and 1446.  (ECF No. 2.)  On June 1, 2023, Plaintiff voluntarily dismissed Dickerson from the action with prejudice.  (ECF No. 14.)

Defendants Chalq and Hill failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service.  The Clerk entered default against Defendants on June 22, 2023.  (ECF No. 16.)  This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as there is diversity of citizenship and the amount in controversy exceeds $75,000.

### B.     Default Judgment

"Generally, if a defendant fails to plead or otherwise defend an action, this Court has the discretion to enter default judgment as to that defendant."  *Ohio Cas. Ins. Co. v. Am. Tec Elec. Co.*, No. 1:23-CV-253, 2023 WL 6218212, at *2 (M.D.N.C. Sept. 25, 2023); *see also* Fed. R. Civ. P. 55.  "A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right."  *Id.* (citation omitted).  "Therefore, in determining whether to enter default judgment, the Court may exercise its discretion by considering many factors from the record."  *Id.* (citation omitted). "Although the

clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted).

"Upon default, the well-pleaded facts of the complaint are deemed admitted." *Johnson v. Fidelis Recovery Mgmt., LLC*, No. 1:20CV1038, 2021 WL 7162563, at *1 (M.D.N.C. Apr. 13, 2021) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). "However, the defendant is not deemed to have admitted conclusions of law . . . ." *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). "The party moving for default judgment must still show that the unchallenged factual allegations constitute a legitimate cause of action." *Ohio Cas. Ins. Co.*, No. 1:23-CV-253, 2023 WL 6218212, at *2 (M.D.N.C. Sept. 25, 2023).

In this case, Plaintiff asserts two claims for relief against Defendants, breach of contract and negligent misrepresentation. (ECF No. 6 ¶¶ 32–37, 61–79; ECF No. 18 at 8, 10.) Plaintiff alleges, and this Court finds, that Plaintiff is entitled to recover his full payment of Chalq's preferred shares for the price outlined in the Subscription Agreement, plus accrued statutory interest of eight percent (8%), totaling $103,506.84 as of June 19, 2023.

For the reasons set forth herein,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Default Judgment as to Defendants Chalq Inc. and Gabe Hill, (ECF No. 17), is **GRANTED** and

judgment by default shall be entered in favor of Plaintiff and against Defendants Chalq Inc. and Gabe Hill in the amount of $103,506.84, the purchase price of Defendant Chalq Inc.'s preferred shares under the contract between Plaintiff and Defendant Chalq Inc., plus accrued statutory interest of eight percent (8%) as of June 19, 2023.

**IT IS FURTHER ORDERED** that Plaintiff have and recover from Defendants interest at the statutory rate from the date of the Judgment until paid.

A default judgment will be entered contemporaneously herewith.

This, the 12th day of March 2024.

/s/ Loretta C. Biggs
United States District Judge